1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARIO T. DIVER,

11           Plaintiff,                    No. CIV S-09-0119 EFB P
                 vs.
12
     SACRAMENTO COUNTY
13   SHERIFF'S DEPARTMENT, et al.,

14           Defendants.                   ORDER

15   _____/

16       Plaintiff, formerly confined in a county jail, is proceeding pro se, and without counsel in

17   an action brought under 42 U.S.C. § 1983.  This case is before the undersigned pursuant to

18   plaintiff's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(1)-(2).

19       Plaintiff seeks leave to proceed *in forma pauperis*.  Plaintiff has submitted an affidavit

20   making the showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, the request to proceed *in*

21   *forma pauperis* will be granted.   However, the court has reviewed plaintiff's complaint pursuant

22   to 28 U.S.C. § 1915A and finds it does not state a cognizable claim against any defendant.

23       In plaintiff's complaint, he names as defendants the Sacramento County Sheriff's

24   Department and the Sacramento County Main Jail.  Plaintiff alleges that in May of 2007, after

25   being booked at the Sacramento County Main Jail, unidentified staff took custody of plaintiff's

26   personal property, including jewelry, keys, and a dental crown and bridge.  Plaintiff further

1

1   alleges that staff could not locate his property when his family attempted to retrieve it.

2   Apparently, plaintiff was evicted from his apartment while he was incarcerated, and all of his

3   belongings were lost because his family could not obtain the keys to enter the apartment to move

4   plaintiff's items to storage.  Plaintiff seeks damages to compensate for the lost property.

5         The Civil Rights Act under which this action was filed provides:

6         Every person who, under color of [state law] . . . subjects, or causes to be
        subjected, any citizen of the United States . . . to the deprivation of any rights,

7         privileges, or immunities secured by the Constitution . . . shall be liable to the
        party injured in an action at law, suit in equity, or other proper proceeding for

8         redress . . . .

9   42 U.S.C. § 1983.  As noted above, plaintiff names the Sacramento County Sheriff's Department

10   and the Sacramento County Main Jail as defendants in this action.  However, "[a] local

11   governmental entity is liable under § 1983 when 'action pursuant to official municipal policy of

12   some nature cause[s] a constitutional tort.'"  *Oviatt v. Pearce*, 954 F.2d 1470, 1473-74 (9th Cir.

13   1992) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, (1978)).  In addition, a local

14   governmental entity may be liable if it has a "policy of inaction and such inaction amounts to a

15   failure to protect constitutional rights."  *Id.* at 1474 (citing *City of Canton v. Harris*, 489 U.S.

16   378, 388 (1989)); *see also Monell*, 436 U.S. at 690-91.  The custom or policy of inaction,

17   however, must be the result of a "conscious," *City of Canton*, 489 U.S. at 389, or "'deliberate

18   choice to follow a course of action . . . made from among various alternatives by the official or

19   officials responsible for establishing final policy with respect to the subject matter in question.'"

20   *Oviatt*, 954 F.2d at 1477 (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986)

21   (plurality opinion)).  If plaintiff intends to impose liability on the named defendants, both local

22   entities, as opposed to the individual or individuals responsible for his property, plaintiff must

23   allege some facts linking the named defendants to the violation complained of (e.g., a policy or

24   practice, etc.).  As it stands, plaintiff's allegations do not support a claim against either the

25   Sacramento County Sheriff's Department or the Sacramento County Main Jail.

26   ////

1    If plaintiff intends to pursue claims against specific individuals, who allegedly violated

2  his constitutional rights, the court notes that the Due Process Clause protects prisoners from

3  being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556

4  (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502

5  F.2d 728, 730 (9th Cir. 1974).  However, the United States Supreme Court has held that "an

6  unauthorized intentional deprivation of property by a state employee does not constitute a

7  violation of the procedural requirements of the Due Process Clause of the Fourteenth

8  Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v.*

9  *Palmer*, 468 U.S. 517, 533 (1984).  Thus, where the state provides a meaningful post-deprivation

10  remedy, only authorized, intentional deprivations constitute actionable violations of the Due

11  Process Clause.  An authorized deprivation is one carried out pursuant to established state

12  procedures, regulations, or statutes.  *Piatt v. MacDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985);

13  *see also Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987).  California

14  provides an adequate post-deprivation remedy.  *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir.

15  1994) (per curiam).  Thus, if the confiscation of plaintiff's property was authorized and plaintiff

16  was deprived of due process, he may be able to state a section 1983 claim against specific

17  individuals.  To proceed, however, plaintiff must file an amended complaint.

18    Any amended complaint must show that the federal court has jurisdiction and that

19  plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's

20  allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a

21  defendant only persons who personally participated in a substantial way in depriving plaintiff of

22  a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person

23  subjects another to the deprivation of a constitutional right if he does an act, participates in

24  another's act or omits to perform an act he is legally required to do that causes the alleged

25  deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the

26  participants and allege their agreement to deprive him of a specific federal constitutional right.

3

1    In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

2    R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.

3    Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

4    occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

5    The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d

6    1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

7    heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P.

8    84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

9    set forth in short and plain terms, simply, concisely and directly.  *See Swierkiewicz v. Sorema*

10   *N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

11   which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  Plaintiff

12   must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches,

13   explanations, stories, griping, vouching, evidence, attempts to negate possible defenses,

14   summaries, and the like.  *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming

15   dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*,

16   523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil

17   Procedure is fully warranted" in prisoner cases).  The court (and defendant) should be able to

18   read and understand plaintiff's pleading within minutes.  *McHenry*, 84 F.3d at 1177.  A long,

19   rambling pleading, including many defendants with unexplained, tenuous or implausible

20   connection to the alleged constitutional injury or joining a series of unrelated claims against

21   many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and

22   an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these

23   instructions.

24   A district court must construe a pro se pleading "liberally" to determine if it states a

25   claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

26   opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  However,

1    the "[f]actual allegations must be enough to raise a right to relief above the speculative level on

2    the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell*

3    *Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted)

4       An amended complaint must be complete in itself without reference to any prior

5    pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff

6    files an amended complaint, the original pleading is superseded.

7       By signing an amended complaint he certifies he has made reasonable inquiry and has

8    evidentiary support for his allegations and that for violation of this rule the court may impose

9    sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

10       A prisoner may bring no § 1983 action until he has exhausted such administrative

11    remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth*

12    *v. Churner*, 532 U.S. 731, 741 (2001).  By signing an amended complaint plaintiff certifies his

13    claims are warranted by existing law, including the law that he exhaust administrative remedies,

14    and that for violation of this rule plaintiff risks dismissal of his action.

15       Accordingly, the court hereby orders that:

16       1.  Plaintiff's request to proceed *in forma pauperis* is granted.

17       2.  The complaint is dismissed with leave to amend within 30 days.  Plaintiff shall file an

18    original and one copy of the amended complaint, which must bear the docket number assigned to

19    this case and be titled "First Amended Complaint."  Failure to file an amended complaint will

20    result in this action being dismissed for failure to state a claim.  If plaintiff files an amended

21    complaint stating a cognizable claim the court will proceed with service of process by the United

22    States Marshal.

23    Dated:  September 3, 2009.

24       EDMUND F. BRENNAN
        UNITED STATES MAGISTRATE JUDGE

25

26

5